FILED
CLERK, U.S. DISTRICT COURT
2/4/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_VAM\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DARRAH JEAN CAPRARELLI,<br>MICHAEL SAFFAR, and<br>ROBERT VILLA,<br><br>　　　　Defendants. | CR 21-557(A)-DSF<br><br>**FIRST SUPERSEDING INDICTMENT**<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, Heroin, and Fentanyl; 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and (b)(1)(B)(i): Possession with Intent to Distribute Methamphetamine and Heroin; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.　OBJECTS OF THE CONSPIRACY

　　Beginning on a date unknown to the Grand Jury, and continuing through on or about May 15, 2021, in Los Angeles and Ventura Counties, within the Central District of California, and elsewhere, defendants DARRAH JEAN CAPRARELLI ("CAPRARELLI"), MICHAEL SAFFAR

("SAFFAR"), and ROBERT VILLA ("VILLA") conspired with others known and unknown to the Grand Jury including Ian Eric Miller ("Miller"), Kyle Cleveland, also known as "Tiny," ("Cleveland"), and unindicted co-conspirator #1 to knowingly and intentionally commit the following offenses:

1. To distribute and possess with intent to distribute at least at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii);

2. To distribute and possess with intent to distribute at least at least five grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii);

3. To distribute and possess with intent to distribute at least at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i);

4. To distribute and possess with intent to distribute at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi); and

5. To distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

B.   MANNER AND MEANS OF THE CONSPIRACY

1.   Defendants CAPRARELLI, SAFFAR, and VILLA, co-conspirator Cleveland, and unindicted co-conspirator #1 would obtain methamphetamine, heroin, and fentanyl from sources of supply.

2.   Defendants CAPRARELLI, SAFFAR, and VILLA, co-conspirator Cleveland, and co-conspirator Miller would arrange methamphetamine, heroin, and fentanyl sales with drug customers in Los Angeles and Ventura Counties.

3.   Defendants CAPRARELLI, SAFFAR, and VILLA, co-conspirator Cleveland, and co-conspirator Miller would deliver the methamphetamine, heroin, and fentanyl to drug customers in Los Angeles and Ventura Counties and would accept payment for the drugs.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants CAPRARELLI, SAFFAR, and VILLA, and others known and unknown to the Grand Jury including co-conspirators Miller and Cleveland, and unindicted co-conspirator #1 committed various overt acts in Los Angeles and Ventura Counties, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On May 8, 2020, defendant VILLA told a drug customer that defendant VILLA had heroin available to sell to the customer and that defendant VILLA planned to obtain methamphetamine from a source of supply.

Overt Act No. 2:   On May 13, 2020, in Canoga Park, California, defendant SAFFAR possessed approximately 453.19 grams of methamphetamine and approximately 206.23 grams of a mixture or

substance containing a detectable amount of heroin to distribute to drug customers.

<u>Overt Act No. 3</u>:   On May 15, 2020, defendant CAPRARELLI informed unindicted co-conspirator #1 that defendant CAPRARELLI had identified an individual who was able to supply pounds of methamphetamine at a price of $2,100 per pound.

<u>Overt Act No. 4</u>:   On May 30, 2020, defendant CAPRARELLI offered to supply defendant VILLA with methamphetamine to distribute to customers.

<u>Overt Act No. 5</u>:   On June 13, 2020, defendant VILLA agreed to sell one ounce of methamphetamine to a drug customer.

<u>Overt Act No. 6</u>:   On July 8, 2020, defendant SAFFAR agreed to supply defendant VILLA with heroin to distribute to drug customers.

<u>Overt Act No. 7</u>:   On July 12, 2020, defendant SAFFAR agreed to supply defendant VILLA with methamphetamine to distribute to drug customers.

<u>Overt Act No. 8</u>:   On July 21, 2020, defendant CAPRARELLI agreed to supply unindicted co-conspirator #1 with eight ounces of methamphetamine for $1,600.

<u>Overt Act No. 9</u>:   On July 23, 2020, co-conspirator Miller informed defendant CAPRARELLI that a drug customer wanted to purchase methamphetamine.

<u>Overt Act No. 10</u>:   On July 28, 2020, defendant CAPRARELLI agreed to supply co-conspirator Miller with methamphetamine and fentanyl to distribute to drug customers.

<u>Overt Act No. 11</u>:   July 31, 2020, defendant CAPRARELLI informed co-conspirator Miller that she was packaging two pounds of drugs for co-conspirator Miller to distribute to customers.

<u>Overt Act No. 12</u>:   On August 9, 2020, defendant CAPRARELLI informed co-conspirator Miller that she needed money to pay a drug source of supply.

<u>Overt Act No. 13</u>:   On August 11, 2020, in Simi Valley, California, co-conspirator Miller possessed approximately 2,128.4 grams of methamphetamine, approximately 200.21 grams of a mixture or substance containing a detectable amount of heroin, and approximately 190.7 grams of fentanyl to distribute to drug customers.

<u>Overt Act No. 14</u>:   On August 18, 2020, defendant VILLA agreed to sell heroin to a drug customer.

<u>Overt Act No. 15</u>:   On August 21, 2020, defendant CAPRARELLI asked a drug supplier if he could supply pounds of methamphetamine at a price of $2,800 per pound.

<u>Overt Act No. 16</u>:   On September 5, 2020, defendant CAPRARELLI told unindicted co-conspirator #1 that they needed to be more organized with their drug transactions because she and unindicted co-conspirator #1 were generating thousands of dollars in drug distribution proceeds.

<u>Overt Act No. 17</u>:   On October 5, 2020, defendant VILLA agreed to sell heroin to a drug customer.

<u>Overt Act No. 18</u>:   On November 6, 2020, defendant CAPRARELLI informed defendant VILLA that, because defendant VILLA had already paid co-conspirator Cleveland $4,470, he now owed defendant CAPRARELLI a balance of $3,810 for drugs that defendant VILLA had obtained from defendant CAPRARELLI.

<u>Overt Act No. 19</u>:   On November 24, 2020, defendant VILLA informed defendant CAPRARELLI that he had $4,000 of drug distribution proceeds for defendant CAPRARELLI.

<u>Overt Act No. 20</u>:  On November 24, 2020, defendant CAPRARELLI instructed unindicted co-conspirator #1 to obtain a pound of methamphetamine from a drug source of supply and provide the pound of methamphetamine to defendant VILLA.

<u>Overt Act No. 21</u>:  On December 14, 2020, defendant CAPRARELLI agreed to sell four ounces of heroin, three pounds of methamphetamine, and one ounce of fentanyl to a drug customer.

<u>Overt Act No. 22</u>:  On January 12, 2021, defendant VILLA informed defendant CAPRARELLI that he was meeting with two drug customers later that day and would have drug distribution proceeds for defendant CAPRARELLI after the meeting.

<u>Overt Act No. 23</u>:  On January 18, 2021, defendant CAPRARELLI informed a drug customer that he owed her a total of $21,200 including $5,600 for fentanyl and $5,600 for heroin that defendant CAPRARELLI had supplied.

<u>Overt Act No. 24</u>:  On January 22, 2021, defendant VILLA informed a drug customer that defendant VILLA had two ounces of high-quality of heroin to sell for $1,200.

<u>Overt Act No. 25</u>:  On March 22, 2021, in Los Angeles, California, co-conspirator Cleveland possessed approximately 397.3 grams of methamphetamine that was 100% pure, 247 grams of a mixture or substance containing a detectable amount of heroin, and 12 grams of a mixture or substance containing a detectable amount fentanyl to distribute to drug customers.

<u>Overt Act No. 26</u>:  On March 28, 2021, defendant CAPRARELLI informed co-conspirator Cleveland that she needed money so that she could obtain methamphetamine from a source of supply.

Overt Act No. 27:  On May 6, 2021, defendant VILLA agreed to sell fentanyl to a drug customer.

Overt Act No. 28:  On May 15, 2021, defendant VILLA told a drug customer that defendant VILLA had a large quantity of fentanyl available to sell.

COUNT TWO

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)]

On or about May 13, 2020, in Los Angeles County, within the Central District of California, defendant MICHAEL SAFFAR knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 453.19 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. § 841(a)(1), (b)(1)(B)(i)]

On or about May 13, 2020, in Los Angeles County, within the Central District of California, defendant MICHAEL SAFFAR knowingly and intentionally possessed with intent to distribute at least 100 grams, that is, approximately 206.23 grams, of a mixture and substance containing a detectable amount of heroin, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about November 1, 2021, in Ventura County, within the Central District of California, defendant MICHAEL SAFFAR ("SAFFAR") knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1. a Smith & Wesson model SD40 VE, .40 caliber pistol, bearing serial number FZR7736; and

2. 9 rounds of .40 caliber ammunition with headstamp "WIN" over "40 S&W."

Defendant SAFFAR possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following crimes punishable by imprisonment for a term exceeding one year:

1. Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court of the State of California, County of Los Angeles, Case Number LA089088, on or about April 23, 2019;

2. Unauthorized Use of Personal Identifying Information of Another Person, in violation of California Penal Code Section 530.5(a), in the Superior Court of the State of California, County of Los Angeles, Case Number LA089088, on or about April 23, 2019;

3. Forgery, in violation of California Penal Code Section 472, in the Superior Court of the State of California, County of Los Angeles, Case Number LA089088, on or about April 23, 2019;

4. Possession or Purchase for Sale of Designated Controlled Substances, in violation of California Health & Safety Code Section 11351, in the Superior Court of the State of California, County of Los Angeles, Case Number LA089088, on or about April 23, 2019;

  5. Possession for Sale, in violation of California Health & Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case Number LA089088, on or about April 23, 2019;

  6. Possession for Sale, in violation of California Health & Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case Number LA089454, on or about April 23, 2019;

  7. Possession or Purchase for Sale of Designated Controlled Substances, in violation of California Health & Safety Code Section 11351, in the Superior Court of the State of California, County of Los Angeles, Case Number LA089454, on or about April 23, 2019;

  8. Possession or Purchase for Sale of Designated Controlled Substances, in violation of California Health & Safety Code Section 11351, in the Superior Court of the State of California, County of Los Angeles, Case Number LA089454, on or about April 23, 2019; and

//
//
//
//
//
//
//
//
//
//
//

9. Possession, Possession for Sale, or Sale of Designated Controlled Substances, in violation of California Health & Safety Code Section 11375(b)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number LA089454, on or about April 23, 2019.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
United States Attorney

*[signature]*

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

REEMA M. EL-AMAMY
Assistant United States Attorney
Terrorism and Export Crimes
Section